Smith WHITT, Appellant,

v.

David Elmer CATO'S Ancillary ADMINISTRATOR (B. E. Mullins), Appellee.

Court of Appeals of Kentucky.

Sept. 27, 1957.

Rehearing Denied Nov. 22, 1957.

J. K. Wells, Paintsville, for appellant.

Edward R. Hays, Baird & Hays, Pikeville, for appellee.

CAMMACK, Judge.

The appellant, Smith Whitt, of Morgan County, was driving his one and one-half ton truck around a blind curve on Highway 460 between Paintsville and Salyersville, on the afternoon of December 27, 1956, when he was involved in a collision with a car driven by David Elmer Cato, of Texas. The appellee, B. E. Mullins, ancillary administrator of Cato's estate, brought this action in Johnson County, where the collision occurred, seeking to recover damages for the wrongful death of Cato, funeral expenses, and damages to the car. The trial resulted in a verdict for the appellee in the amount of $13,932. This is an appeal from a judgment rendered on that verdict.

Reversal is urged upon the grounds that (1) there was insufficient evidence of the appellant's negligence to warrant the submission of the case to the jury; and (2) the trial court erred in failing to give an instruction on contributory negligence.

The appellant testified that the collision occurred on his side of the road just as he was entering the blind curve. He said he was driving at a moderate speed and swerved off from the highway into a guard post to avoid the oncoming car which was traveling at a high rate of speed in the center of the road. A State trooper, who arrived at the scene after a light rain had fallen, saw no marks on the highway. His testimony relating to the position and condition of the vehicles indicated that the car was traveling at an excessive rate of speed. The vehicles were about four feet apart after the collision.

Witnesses for the appellee, who reached the scene before any cars passed, described marks on the highway in the immediate vicinity of the place of the collision and on Cato's side of the road. Their testimony tended to show no negligence on Cato's part. The descriptions of the marks were inconsistent. One witness placed them in the center of the road. Another witness said: "*Shore* the truck tracks made the marks, looked like something * * * they were over on the car's side." A third witness, who lived near the scene, testified: "I didn't exactly see the wreck, but the car and truck were still moving, and looked like the car was about to turn over, and it went back on its wheels. * * * Well what I saw was the marks, and it looked like the car was on his side of the road a foot or more. Where they started they are one foot or more on the car's right side."

The appellant contends that the marks described by the appellee's witnesses were as consistent with a theory of no negligence as with a theory of negligence, and in the light of his positive testimony the circumstantial evidence was insufficient to take the case to the jury. He argues also that the marks on the highway, if any, were made by Cato's car after the collision.

In D. G. Hayes Wholesale Grocery Co. v. Fortney's Adm'r, 277 Ky. 441, 126 S.W.2d 864, we pointed out that it is difficult to determine from marks on a road or on the vehicles involved in a collision the exact position of the respective vehicles at the time of a collision so as to ascertain with any reasonable degree of certainty the fault or lack of fault on the part of the respective drivers. To comment on the difficulty of a determination does not connote its impossibility. In cases where the defendant is the only eyewitness to an accident, then necessarily all other evidence is circumstantial. It was for the jury to determine the weight and inferences to be drawn from the testimony concerning the marks, and to determine whether the circumstances described by the appellee's witnesses or the eyewitness account of the appellant was to be accepted.

We have said often that negligence must be established by direct and positive evidence thereof, or by the proof of facts or circumstances from which it can be inferred properly. Creech Coal Co. v. Louisville & N. R. Co., 308 Ky. 414,

214 S.W.2d 381. When we consider the circumstances proven in this case we are disposed to say that there was evidence of substance warranting a finding of negligence on the part of the appellant. So it was proper to submit the case to the jury.

■ It is our opinion that the judgment should be reversed on the ground that the trial court erred in failing to give an instruction on contributory negligence, after rejecting the two instructions tendered by the appellant.

Instruction No. A tendered by the appellant reads as follows:

"If the jury believe and find from the evidence that plaintiff's decedent, David Cato, was, at the time of the collision, driving his automobile on the wrong side of the highway, and thereby ran into defendant's truck while same was on its right hand side of the highway; or if you believe from the evidence that the truck and automobile were both partly on the wrong side of the road at the time of the collision, you should find a verdict for the defendant."

Instruction No. B tendered by the appellant required a judgment for the defendant if the jury found that David Cato was driving at a rate of speed greater than was reasonable and prudent and if he was driving without due regard for the safety and convenience of others.

We think that Instruction A, especially when the last portion thereof is considered, was sufficient to call the attention of the trial court to the question of contributory negligence. The tendered instruction was substantially the same as one we approved in Webb v. Adams, 302 Ky. 335, 194 S.W.2d 515, where the only question to be determined was on which side of the road the accident occurred. See also Stanley's Instructions to Juries, Second Edition, section 114a. The objec-

tions of the appellant were sufficient to meet the requirements of Rule 51 of the Civil Rules of Procedure on these grounds.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.